## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

RICHARD HERRINGTON,

     Plaintiff,

v.

THE SIERRA COMPANY LLC d/b/a
SURECRETE DESIGN PRODUCTS

     Defendant,

_____/

### DEFENDANT, THE SIERRA COMPANY d/b/a SURECRETE DESIGN PRODUCTS', NOTICE OF REMOVAL

Defendant, The Sierra Company d/b/a Surecrete Design Products ("Surecrete"), pursuant to 28 U.S.C. §§ 1331, 1441(a), 1367, and 1446, hereby removes Case No.: 2022CA003041CAAXES from the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, to the United States District Court for the Middle District of Florida, and as grounds for this removal states as follows:

#### I.  Statement of the Case

1.  On November 30, 2022, Plaintiff Richard Herrington, filed a Complaint against Defendant in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, styled *Richard Herrington v. The Sierra Company LLC d/b/a Surecrete Design Products, Case No.: 2022CA0031CAAXES* (the "State Court Action").

2.  Defendant, the Sierra Company d/b/a Surecrete Design Products, was served with the Summons and Complaint in the State Court Action on December 16, 2022. Copies of the Summons and Complaint are attached as Composite Exhibit A-1 to A-2 to this Notice.

3.      In the Complaint, Plaintiff asserts two (2) counts against Defendant, including: (1) FMLA Interference in Violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C *et seq*. ("FMLA"); and (2) FMLA Retaliation in Violation of the FMLA.

4.      Plaintiff's federal claims are predicated upon his contention that Defendant committed unlawful employment practices, specifically alleging that Defendant interfered with his rights under the FMLA. Additionally, Plaintiff alleges she was retaliated against for exercising and/or attempting to exercise his FMLA rights. Plaintiff demands a judgment stating Defendant interfered with his rights in violation of the FMLA, injunctive relief, compensatory damages, reinstatement to a position comparable to his prior position, front pay, liquidated damages, and all costs and attorney's fees.

5.      This Court may exercise removal jurisdiction over this dispute. Removal to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441, is proper because this Court has original jurisdiction based upon the federal claims set forth in the Complaint against Defendant for the alleged violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C *et seq*. ("FMLA").

**II.     Federal Question Jurisdiction under 28 U.S.C. § 1331**

6.      This Court has original federal question jurisdiction over this matter under 28 U.S.C. § 1331, and this action is removable pursuant to 28 U.S.C. § 1441(a).

7.      This action is removable to this Court because federal jurisdiction under 28 U.S.C. § 1331 exists over Plaintiff's claims for alleged violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C *et seq*. ("FMLA").

8.      Plaintiff seeks compensatory damages suffered as a result of the alleged violation of the FMLA.

9.     Plaintiff alleges that on or about March 14, 2022, Defendant terminated Plaintiff's employment for a pretextual reason after he exercised his rights under the FMLA by filing for and attempting to utilize the FMLA leave.

10.     As a result, Plaintiff also alleges she was retaliated against for engaging in protected activity under the FMLA after Defendant terminated him.

11.     The relief sought by Plaintiff includes a judgment stating Defendant interfered with his rights in violation of the FMLA, injunctive relief, compensatory damages, reinstatement to a position comparable to his prior position, front pay, liquidated damages, and all costs and attorney's fees.

## III.     All Procedure Requirements for Removal have been Satisfied

12.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is filed within 30 days of Defendant's receipt of the Summons and Complaint.

13.     Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because the United States District Court for the Middle District of Florida, Tampa Division, is the federal judicial district embracing the place where the State Court Action is pending.

14.     As required by 28 U.S.C. § 1446(a), attached as Composite Exhibit A-1 to A-5 to this Notice are copies of all process, pleadings, and orders served upon Defendant in the State Court Action.

15.     To effectuate the removal of this case, Defendant has properly provided notice to all adverse parties and filed a copy of the Notice of Removal in the State Court Action as required by 28 U.S.C.  § 1446(d).

16.     This Notice of Removal is signed pursuant to Fed. R. Civ. R. 11 as required by 28 U.S.C. § 1446(a).

17.   Defendant submits this Notice of Removal solely for the purpose of establishing federal subject matter jurisdiction, and denies any liability or basis for relief as alleged in the Complaint. This Notice of Removal is filed by Defendant without waiving any defenses or making any admission to Plaintiff's allegations, individually or on behalf of other individual defendants.

### IV. Prayer for Relief

WHEREFORE, Defendant, The Sierra Company d/b/a Surecrete Design Products, respectfully requests: (i) the civil action captioned *Richard Herrington v. The Sierra Company LLC d/b/a Surecrete Design Products, Case No.: 2022CA0031CAAXES*, pending in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, be removed to the United States District Court for the Middle District of Florida, with a full reservation of all defenses; (ii) this Court properly exercise removal jurisdiction over this case; and (iii) that no further proceedings shall occur in the State Court Action.

DATED this 4<u>th</u> day of January, 2023.

KELLEY KRONENBERG
Angelo Filippi, Esq.
*Counsel for Defendant*
10360 West State Road 84
Fort Lauderdale, Florida 33324
Tel: (954) 370-9970
Fax: (954) 333-3763

By: */s/ Angelo M. Filippi*
    Angelo M. Filippi, Esq.
    Florida Bar No. 0880851
    *afilippi@kelleykronenberg.com*
    *fggonzalez@kelleykronenberg.com*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4th, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Angelo Filippi
Angelo M. Filippi, Esq.
Florida Bar No.: 0880851
afilippi@kelleykronenberg.com

## SERVICE LIST

*Attorney for Plaintiff*
Wenzel Fenton Cabassa P.A.
Ashwin R. Trehan, Esq.
Florida Bar No.: 42675
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
atrehan@wfclaw.com
aketelsen@wfclaw.com